IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| PRISCILLA A. ELLIS, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:19-CV-1013-O |
| | § | |
| WARDEN M. CARR, | § | |
| FMC-Carswell, | § | |
|     Respondent, | § | |

**OPINION AND ORDER**
and
**IMPOSITION OF SANCTIONS**

Before the Court, sua sponte, is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Petitioner, Priscilla A. Ellis, a federal prisoner confined at FMC-Fort Worth, for consideration of dismissal.[1] The Court has concluded that the petition should be dismissed as an abuse of the writ and that sanctions should be imposed. No service has issued upon Respondent.

**I. BACKGROUND**

In October 2017, in the United States District Court for the Middle District of Florida, case number 8:15-cr-320-T-23TGW, Petitioner was convicted of conspiracy to commit mail and wire fraud and conspiracy to commit money laundering and sentenced to a 480-month term of imprisonment.[2] In January 2018, also in the United States District Court for the Middle District of Florida, case number 8:16-cr-502-T-30BTM, Petitioner was convicted of various offenses in connection with retaliating against a witness and sentenced to a 65-year term of imprisonment to run

---

[1] On June 29, 2020, the clerk of Court received for filing Petitioner's pleading entitled "Writ of Habeas Corpus 2241 (Actual Innocense [sic] Claim)" (ECF No. 27), which was filed in the instant action and is incorporated herein.

[2] The Court takes judicial notice of the court records filed in Petitioner's prior habeas actions in documenting the background of the case.

consecutive to the term of imprisonment imposed in case number 8:15-cr-320-T-23TGW. Subsequent to her convictions, the Attorney General imposed special administrative measures (SAM order) restricting her access to the mail, the media, the telephone, and visitors. Pet., Ex. A, Ellis v. Carr, No. 4:19-cv-1065-O, ECF No. 2. This is Petitioner's third federal habeas petition pursuant to § 2241 filed in this Court challenging the same conviction(s), the conditions of her confinement at FMC-Carswell, and/or the SAM order and raising one or more of the same or similar claims previously raised.[3] *See Ellis v. Carr,* No. 4:19-cv-1065-O, 2020 WL 2308802 (May 7, 2020); *Ellis v. United States,* No. 4:19-cv-786-O, 2019 WL 4982577 (N.D. Tex. Oct. 8, 2019).

## II. DISCUSSION

A district court is authorized to summarily dismiss a habeas-corpus petition if it appears that the petitioner is not entitled to relief. 28 U.S.C. § 2243. Due to Petitioner's frivolous and repetitive pleadings filed in this Court, which have taken up a disproportionate amount of the Court's time and resources, it is ORDERED that Petitioner pay a monetary sanction of $150 to the clerk of this Court. Petitioner is **BARRED** from filing any future pleadings or motions in this Court that sound in habeas corpus (however they are styled) challenging her 2017 or 2018 convictions, the conditions of her confinement at FMC-Carswell, and/or the SAM order until the sanction is paid in full unless she first obtains leave of the court in which she seeks to file her pleading or motion.

For the reasons discussed herein, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is DISMISSED as an abuse of the writ and a monetary sanction in the amount

---

[3] Petitioner has also filed civil-rights actions in both the Fort Worth and Dallas divisions raising one or more the same or similar claims raised herein.

of $150 is imposed. A certificate of appealability is DENIED.

    **SO ORDERED** on this 14th day of July, 2020.

*[signature: Reed O'Connor]*
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**